Robertson J.
The question presented for decision in this case is, whether a wife has the right, after the'death of her husband, who has contracted for the sale of her land, describing it as his, to enforce specific performance by the purchaser, for her own benefit.
It is admitted that she is not bound by the agreement; and it is also admitted to be the general rule that specific performance will not be enforced unless the contract is mutually obligatory. But it is insisted that she has a right to adopt the contract of her husband, and that by filing her bill asking for its specific execution, she makes the remedy mutual, and thus satisfies the rule.
It was at one time held that a contract made by.a husband for the sale of his wife’s land, might be specifically enforced against him; or rather, .that he might be imprisoned until she united with him in making the title. But the weight of recent authority is against this practice, which is now almost universally regarded as *112 impolitic and absurd. See, Story’s Eq. Jur. §. 731 to §735; 1 Bright on BLusb. & wifep. 183, and the cases cited.
, ^Tpon tibe question whether husband and wife can enforce against a purchaser specific execution of a contract made with them for the sale of her land, much diversity of opinion exists. See, Note to § 287 of Fry on Spec. Perfor. (Law Lib. vol. 100): Salisbury v. Hatcher, 2 Younge & Collyer 54 (21 Eng. ch. R.); Note to Howell v. George, 1 Madd, ch. R. 13; Flight v. Bolland, 4 Russ. R. 298, (3 Cond. Eng. ch. R. 675); and Watts v. Kinney, 3 Leigh 272.
Mt will also be found not to be free from doubt, whether the mutuality requisite to authorise the court to enforce specific performance must exist when the contract is made, or whether it is sufficient if it can be shown to exist at the hearing of the cause: though the preponderance both of authority and reason seems to be in favor of the proposition that a contract to be specifically enforced must be mutually binding at the time it is entered into. See, Batten on Contracts 61, (Law Lib. vol. 67); Fry ’on Spec. Perfor. p. 133, (Law Lib. Vol. 100); Duval v. Myers, 2 Maryland ch. R, 401; Moore's adm'r v. Fits Randolph, 6 Leigh 175.
But it is not necessary for the decision of this case to enter upon an examination of these questions, and no definitive opinion is expressed upon them.
It may, for the sake of the argument, be conceded that husband and wife can enforce a contract entered into with them for the purchase of the wife’s land; and that the rule as to mutuality is satisfied if it is made to appear on the hearing that mutuality then exists, although it may not have existed previously; and it will by no means follow that a wife will be permitted, after her husband’s death, to adopt and enforce, for her own benefit, his contract for the sale of her land.
*113 The general rule, unquestionably,.is that there can be no decree for specific performance, except between the parties themselves, or those claiming under them in privity of estate, or of representation, or of title; for a contract can only be enforced between the parties themselves, or their representatives in intei'est. Dart on Yend. & Pureh. p. 461.
'We have not been referred to,“nor have we been able to find, any authority tending to show that an exception to this rule exists in favor of a widow. That she does not •come within it is manifest; for it cannot be said that, as to her own land, she is in any sense the representative of her deceased husband, or that she claims title to it under him, or in privity with him. She cannot be compelled to perform any contract he may have entered into respecting it, and it is difficult to perceive the grounds on which she should be allowed to enforce such contract for her own benefit. The court has no light to change the parties to a contract, and give to a person, who is neither party nor privy, the benefit of it. Nor can it substitute a new or modified contract in the place of that entered into by the parties, and require such substituted contract to be performed. Its proper province is to cause contracts to be executed as/ they are made, and by the parties making them, or their representatives in interest.
In this case the contract was made by the husband. The wife was no party to it, and was not even referred to in it. The land ivas described as the land of the husband; and to him the purchaser looked for his conveyance and warranty. Nor is the wife seeking to enforce the agreement as it was made. According to its terms, the purchase money should be paid to the husband, or his personal representative; while she asks that the purchaser shall" be compelled to pay it to her, for her own use.' .
*114 For these reasons the contract ought not to be enforced against the purchaser as far- as it relates to the land of the wife. And tills being the case, it will not be proper to enforce it as to the portion of the land whieh belonged to the husband. The two parcels were embraced in one entire contract, and there is nothing to induce the belief that the purchaser would have- contracted for the part belonging to the husband, if that belonging to the wife, which was the larger and moré valuable portion, had not been included with it.
The decree must be reversed and the cause remanded. If the appellees desire it, an account of the rents and profits since the purchaser has been in possession under the contract, and of the value of the permanent improvements placed by him upon the property before- the death of his vendor, may be taken. But it would be inequitable to render a decree in favor of the appellant for any excess of the value of such improvements over the amount of the rents and profits with’jwhich he is chargeable; because the owners- of the property were willing to convey it to him upon bis- paying the price stipulated for with his vendor, and he refused to accept the conveyance. .On the other hand, as the owners refused to agree to his proposition to rescind the contract, and to retake possession of the property, -they must allow him credit by the value of his improvements to the extent of the rents and profits during'the whole time of his possession.
Whether an account is asked for or not, possession should be surrendered to the widow and heirs according to their respective rights. And the purchaser having expressed his willingness to have the contract rescinded, an order should be made to that effect.
Each’ party should pay his own costs in the Circuit court up to the rescission of the contract, a suit being proper to adjust the rights of the parties.. But' if an *115 account shall be asked for, any costs which may be thereafter incurred must be paid by the party from, whom a balance shall be found to be due.
The other judges concurred in the opinion of Robertson, J.
Decree reversed.